[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. O'Malley v. Russo,* Slip Opinion No. 2019-Ohio-1698.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1698

THE STATE EX REL. O'MALLEY, PROS. ATTY., *v.* RUSSO, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. O'Malley v. Russo,* Slip Opinion No. 2019-Ohio-1698.]

*Prohibition—Writ sought to prevent judge from exercising jurisdiction in a refiled wrongful-imprisonment action on grounds that the proceeding was in violation of Supreme Court's mandate in a previous decision—Res judicata—Denial of res judicata defense can be challenged in appeal— Relator had adequate remedy at law by way of appeal—Procedendo—Writ sought requiring judge to enter final judgment in the state's favor— Procedendo is not available to force a court to render a particular judgment—Writs denied.*

(No. 2018-0996—Submitted January 8, 2019—Decided May 8, 2019.)

IN PROHIBITION and PROCEDENDO.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, Cuyahoga County Prosecuting Attorney Michael C. O'Malley, seeks a writ of prohibition to prevent respondent, Cuyahoga County Court of Common Pleas Judge Michael J. Russo, from exercising jurisdiction over a wrongful-imprisonment claim filed by former death-row inmate Joe D'Ambrosio. O'Malley also seeks a writ of procedendo to compel Judge Russo to enter judgment terminating D'Ambrosio's litigation. Judge Russo has filed a motion for judgment on the pleadings.

{¶ 2} Although O'Malley presents a plausible argument that D'Ambrosio's underlying claim is barred under the doctrine of res judicata, Judge Russo does not lack jurisdiction over the pending action. We therefore grant Judge Russo's motion for judgment on the pleadings.

## Background

*D'Ambrosio's convictions, death sentence, and release*

{¶ 3} In 1989, D'Ambrosio was convicted of aggravated murder, kidnapping, and aggravated burglary and sentenced to death. *State v. D'Ambrosio*, 67 Ohio St.3d 185, 187, 616 N.E.2d 909 (1993). We affirmed the convictions, *id*. at 200, and the death sentence, *State v. D'Ambrosio*, 73 Ohio St.3d 141, 148, 652 N.E.2d 710 (1995). But in 2006, the United States District Court for the Northern District of Ohio found that the state had failed to disclose material evidence to the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *D'Ambrosio v. Bagley*, N.D.Ohio No. 1:00 CV 2521, 2006 WL 1169926, at *56 (Mar. 24, 2006), *aff'd*, 527 F.3d 489, 499-500 (6th Cir.2008). The district court granted a conditional writ of habeas corpus that required the state to either set aside D'Ambrosio's convictions and sentence or retry him within 180 days. *Id*.

{¶ 4} D'Ambrosio was scheduled to be retried in the court of common pleas in 2009, but about a week before the scheduled trial, the state disclosed the existence of additional relevant evidence. *D'Ambrosio v. Bagley*, 656 F.3d 379, 381 (6th

Cir.2011). This led the trial court to postpone the start of D'Ambrosio's retrial—to a date outside the 180-day deadline imposed by the federal district court. Finding that the state had violated its discovery obligations during the retrial proceedings, the federal district court denied the state's request to extend the deadline and issued an unconditional writ of habeas corpus. *D'Ambrosio v. Bagley*, 619 F.Supp.2d 428, 453, 460 (N.D.Ohio 2009). In 2010, following the death of the state's key witness, the federal district court barred the state from reprosecuting D'Ambrosio. *D'Ambrosio v. Bagley*, 688 F.Supp.2d 709, 735 (N.D.Ohio 2010).

*D'Ambrosio's 2012 wrongful-imprisonment action*

{¶ 5} In 2012, D'Ambrosio commenced a wrongful-imprisonment action in the common pleas court under R.C. 2743.48. The statute establishes a two-step process. The claimant first "must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation." *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the syllabus. Then, the claimant "must file a civil action against the state, in the Court of Claims, to recover a sum of money." *Id.*

{¶ 6} Regarding the first step, "[t]o be declared a wrongfully imprisoned individual, a person must satisfy all five elements of R.C. 2743.48(A)." *James v. State*, 148 Ohio St.3d 446, 2016-Ohio-8012, 71 N.E.3d 271, ¶ 6. The main issue in D'Ambrosio's case was the fifth element, which requires him to prove *either* that an "error in procedure" resulted in his release or that he did not commit the charged offenses. *See* R.C. 2743.48(A)(5). In his complaint, D'Ambrosio alleged *both* that he was released due to a procedural error and that he did not commit the charged offenses. Soon after D'Ambrosio filed his complaint, the parties and the court agreed that the case would proceed in two phases, with the parties first filing motions for summary judgment on D'Ambrosio's procedural-error theory. In its entry, the court stated, "If necessary, the case will proceed to phase two which will involve the issue of whether the offense was not committed by plaintiff."

**{¶ 7}** The trial court granted D'Ambrosio's motion for summary judgment, finding that he "is entitled to judgment as a matter of law because subsequent to sentencing and during or subsequent to imprisonment an error in procedure resulted in his release." In reaching its decision, the trial court rejected the state's argument that the language of R.C. 2743.48(A)(5) requires an "error in procedure" to occur *after* the claimant was sentenced and imprisoned. The court relied on *Mansaray v. State*, 8th Dist. Cuyahoga No. 98171, 2012-Ohio-3376 ("*Mansaray I*"), in which the Eighth District Court of Appeals had rejected a similar argument made by the state. The trial court also stated that D'Ambrosio's procedural-error claim would succeed even under the state's interpretation of R.C. 2743.48(A)(5), because the state's *Brady* violations continued after D'Ambrosio's sentencing and imprisonment.

**{¶ 8}** The trial court did not address D'Ambrosio's secondary allegation that he did not commit the offenses for which he had been imprisoned. In its January 16, 2013 journal entry, the trial court stated,

> Hearing held 1/11/13. The court announced its determination that plaintiff Joe D'Ambrosio is a wrongfully imprisoned individual. See Opinion and Order of 1/11/13. Pursuant to R.C. 2743.48(B)(1), the court provided plaintiff with a copy of the statute. The court also orally informed plaintiff and his counsel that plaintiff may commence a civil action against the state in the Court of Claims because of the plaintiff's wrongful imprisonment and that plaintiff may be represented in that civil action by counsel of his choice.

Two days after the court entered judgment, the state filed a "Motion to Reserve the Right to Contest Plaintiff's Alleged Innocence," in which it argued that "the 'factual innocence' component of plaintiff's Complaint is a significant matter that remains in

4

vigorous dispute between these parties. And it remains an issue that is material to this case * * *." The trial court never ruled on this motion.

{¶ 9} The state appealed to the Eighth District, arguing (among other things) that the language of R.C. 2743.48(A)(5) requires a procedural error to occur after the claimant was sentenced and imprisoned. The court of appeals rejected this argument (relying on *Mansaray I*) and affirmed the trial court's judgment. *D'Ambrosio v. State*, 8th Dist. Cuyahoga No. 99520, 2013-Ohio-4472, ¶ 19, 28-30 ("*D'Ambrosio I*"). The state then sought discretionary review in this court.

{¶ 10} Meanwhile, we had agreed to review *Mansaray I* as a discretionary appeal. While the *D'Ambrosio* appeal to this court was awaiting a jurisdictional decision, we reversed the court of appeals' judgment in *Mansaray I*, holding that "[w]hen a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred *subsequent to* sentencing and *during or subsequent to* imprisonment." (Emphasis added.) *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, syllabus ("*Mansaray II*").

{¶ 11} We later accepted the state's appeal in *D'Ambrosio* and summarily "reversed on authority of" *Mansaray II.* 139 Ohio St.3d 1416, 2014-Ohio-2487, 10 N.E.3d 736. D'Ambrosio—who had not filed a memorandum in response to jurisdiction—then filed a motion for reconsideration, asking us to remand the cause. He argued that he was entitled to relief under an error-in-procedure theory, even under *Mansaray II*, because the *Brady* violations in his case occurred before *and after* his sentencing and imprisonment. His motion for reconsideration did not argue that his case should be remanded to allow him to prove that he had not committed the charged offenses. We denied the motion for reconsideration. 140 Ohio St.3d 1419, 2014-Ohio-3785, 15 N.E.3d 886 (explaining that O'Connor, C.J., and French and O'Neill, JJ., would have granted reconsideration and remanded for application of *Mansaray II* and O'Donnell, J., did not participate).

*Proceedings after reversal*

**{¶ 12}** After we denied D'Ambrosio's motion for reconsideration, the Eighth District put on a journal entry clarifying that no further action was necessary on its part. The common pleas court nevertheless resumed its own proceedings. Beginning in late 2014, the trial court held pretrial conferences, oversaw discovery, and scheduled a bench trial. In March 2016, D'Ambrosio filed a notice of voluntary dismissal, without prejudice, of his 2012 complaint.

**{¶ 13}** In March 2017, D'Ambrosio filed a new complaint in the common pleas court, again asserting a single wrongful-imprisonment claim and again alleging that he was released due to a procedural error and that he did not commit the charged offenses. The state moved for judgment on the pleadings, arguing that the mandate rule and the doctrines of law of the case and res judicata bar the action. In denying the state's motion, the trial court stated that the previous appeal was "not relevant to the current proceedings" because D'Ambrosio voluntarily dismissed his 2012 complaint.

**{¶ 14}** After the state notified the trial court that it intended to seek relief in this court, the trial court stayed its proceedings at the state's request.

**Analysis**

*Standard for review*

**{¶ 15}** This case is before us on O'Malley's complaint and Judge Russo's motion for judgment on the pleadings. "When considering a Civ.R. 12(C) motion for judgment on the pleadings, a court must construe the material allegations in the complaint, along with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true. * * * Judgment is proper only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief." *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, 59 N.E.3d 1274, ¶ 10.

6

*The trial court's disposition of D'Ambrosio's 2012 case was a final, appealable order under R.C. 2505.02*

**{¶ 16}** O'Malley alleges that D'Ambrosio's 2012 case was fully and finally adjudicated when we reversed the Eighth District's judgment in 2014. According to O'Malley, because we did not remand the cause, Judge Russo lacked jurisdiction to proceed in that action and D'Ambrosio's notice of voluntary dismissal was ineffective. In response, Judge Russo first argues that his decision granting D'Ambrosio's motion for summary judgment was "purely interlocutory." Under this theory, Judge Russo says he never really lost jurisdiction, and the judgments of the Eighth District and this court are void. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989) ("If an order is not final, then an appellate court has no jurisdiction"). Therefore, it is necessary to first determine whether we had jurisdiction over the appeal.

**{¶ 17}** Judge Russo argues that his judgment was not final because he did not "deem[] the decision to be final." Quoting *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 533, 706 N.E.2d 825 (4th Dist.1997), fn. 4, he contends that to be final, an entry " 'must disclose the present intention of the court to terminate the action and should contain a sufficiently definitive formal statement indicating such an intention.' " But Judge Russo does not address R.C. 2505.02—the statute that governs whether an order is an appealable "final order." Contrary to the statement in *Vanest* on which Judge Russo relies, R.C. 2505.02 does not require a trial court to indicate its express intent to create a final order. What does matter is whether the order itself satisfies any of the circumstances listed in R.C. 2505.02(B). *See Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 355, 617 N.E.2d 1136 (1993).

**{¶ 18}** R.C. 2505.02(B)(1) provides that an "order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." "For an order to determine the action and

prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). In his 2012 complaint, D'Ambrosio asserted a single claim under R.C. 2743.48, and the court of common pleas completely resolved that claim by determining that D'Ambrosio was a wrongfully imprisoned individual who could commence a civil action against the state in the Court of Claims. Thus, the entry of the court of common pleas was a final order under R.C. 2505.02(B)(1).

{¶ 19} Contrary to what Judge Russo argues, the common pleas court's entry did not lack the status of a final order simply because it did not resolve the issue of D'Ambrosio's innocence. Although D'Ambrosio's complaint alleged two distinct *issues*, it asserted only one *claim*. Because Judge Russo resolved the only claim against the state, the entry met the requirements of R.C. 2505.02(B)(1). Moreover, because the case did not involve the entry of judgment "as to one or more but fewer than all of the claims or parties," Civ.R. 54(B) did not apply. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059, ¶ 10.

{¶ 20} Judge Russo also mentions the issue of court costs, suggesting that his failure to allocate costs prevented the entry from being a final order. But the allocation of costs is a ministerial task that typically is not a prerequisite to appealability. *See State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997). Therefore, the entry from the court of common pleas on January 16, 2013, was a final order under R.C. 2505.02(B)(1) even though it did not allocate costs.

{¶ 21} The entry also qualifies as a final order under R.C. 2505.02(B)(2), which further defines "final order" as "[a]n order that affects a substantial right made in a special proceeding." A "special proceeding" is one "that is specially

8

created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Because the legislature created the right to bring a wrongful-imprisonment action under R.C. 2743.48 in 1986, Sub.H.B. No. 609, 141 Ohio Laws, Part III, 5351, D'Ambrosio's action was a special proceeding under R.C. 2505.02(A)(2). Furthermore, an entry from a common pleas court determining that a claimant is a wrongfully imprisoned individual under R.C. 2743.48 affects a substantial right. *Walden v. State*, 10th Dist. Franklin No. 87AP-1026, 1987 WL 31243, *1 (Dec. 21, 1987) (denying motion to dismiss because the judgment on appeal "provide[d] the basis upon which a claim for monetary damages can be filed in the Court of Claims").

**{¶ 22}** Because the trial court's entry was a final order under R.C. 2505.02(B)(1) and (2), the Eighth District had jurisdiction over the state's appeal, Article IV, Section 3(B)(2), Ohio Constitution and R.C. 2505.03, and we had jurisdiction as well, Article IV, Section 2(B)(2)(e).

*D'Ambrosio's notice of voluntary dismissal was a nullity*

**{¶ 23}** When the state appealed to the Eighth District, the common pleas court lost jurisdiction over D'Ambrosio's action. *See State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). And when we reversed the judgment of the Eighth District without an order remanding the cause, the common pleas court did not regain jurisdiction. *See id.* Therefore, after our judgment was issued, Judge Russo lacked jurisdiction over D'Ambrosio's 2012 case and had no authority to proceed (as he did) from late 2014 until March 2016 when D'Ambrosio filed a notice of voluntary dismissal. Because the common pleas court lacked jurisdiction, D'Ambrosio's notice of voluntary dismissal was a nullity. *See State ex rel. Engelhart v. Russo*, 131 Ohio St.3d 137, 2012-Ohio-47, 961 N.E.2d 1118, ¶ 17 ("a notice of voluntary dismissal filed after the trial court enters summary judgment is of no force and effect and is a nullity"). Therefore, we reject Judge Russo's argument, relying on *DeVille Photography, Inc.*

*v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959), that D'Ambrosio's voluntary dismissal " 'leaves the parties as if no action had been brought at all.' "

*O'Malley is not entitled to a writ of prohibition*

{¶ 24} Although Judge Russo lacked jurisdiction to proceed in D'Ambrosio's 2012 wrongful-imprisonment action after this court's reversal, that case is not the subject of the instant litigation. The question now is whether we should issue writs concerning D'Ambrosio's 2017 case—the only case currently pending.

{¶ 25} For a writ of prohibition to issue, O'Malley must prove that Judge Russo has exercised or is about to exercise judicial power without authority to do so and that the state lacks an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. There is no dispute that Judge Russo has exercised judicial power in D'Ambrosio's pending wrongful-imprisonment action and that, if permitted, he will continue to do so. Thus, the threshold issue is whether O'Malley can show that Judge Russo's exercise of judicial power is unauthorized by law. If O'Malley can show that Judge Russo patently and unambiguously lacks jurisdiction, then he need not establish the lack of an adequate remedy at law. *Id.*

{¶ 26} O'Malley argues that Judge Russo lacks jurisdiction over D'Ambrosio's 2017 action because those proceedings are in violation of this court's earlier mandate. It is true that "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St. 3d 1, 462 N.E.2d 410 (1984), syllabus. But because Judge Russo is proceeding on D'Ambrosio's refiled action, not on the case that resulted in this court's mandate, this principle does not apply here.

{¶ 27} The doctrine that might apply under these circumstances is res judicata, which provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or

10

occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. Judge Russo concluded that res judicata does not bar D'Ambrosio's 2017 action, reasoning that the 2012 action was "not relevant to the current proceedings" because D'Ambrosio voluntarily dismissed his 2012 complaint. But as discussed above, D'Ambrosio's voluntary dismissal was a nullity, so that filing did not "leave[] the parties as if no action had been brought at all," *DeVille Photography*, 169 Ohio St. at 272, 159 N.E.2d 443. Our final judgment of reversal remains binding on the parties.

{¶ 28} Whether or not Judge Russo erred in failing to apply res judicata to D'Ambrosio's claim, he had jurisdiction to render that decision. We consistently have held that "res judicata is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability." *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, ¶ 12. We have further explained that "the denial of [a res judicata] defense by the trial court can be adequately challenged by post-judgment appeal." *State ex rel. Nationwide Mut. Ins. Co. v. Henson,* 96 Ohio St.3d 33, 2002-Ohio-2851, 770 N.E.2d 580, ¶ 11. Thus, O'Malley has not alleged facts supporting the issuance of a writ of prohibition.

{¶ 29} We, therefore, grant Judge Russo's motion for judgment on the pleadings and deny O'Malley's claim for a writ of prohibition.

*O'Malley is not entitled to a writ of procedendo*

{¶ 30} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). To be entitled to a writ of procedendo, O'Malley must show a clear legal right to require Judge Russo to proceed, a clear legal duty on the part of Judge Russo to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, 23 N.E.3d 1077, ¶ 20.

**{¶ 31}** O'Malley's procedendo claim fails for two reasons. First, although Judge Russo has stayed D'Ambrosio's wrongful-imprisonment action, he has not refused to proceed. In fact, he entered the stay after the state represented that it would be seeking extraordinary relief in this court and expressly asked him to halt the proceedings. O'Malley has not alleged facts showing that a writ of procedendo is necessary to compel Judge Russo to proceed.

**{¶ 32}** Second, O'Malley does not ask us merely to order Judge Russo to proceed in D'Ambrosio's case; he seeks an order requiring Judge Russo to enter final judgment *in the state's favor*. A writ of procedendo may be used to compel an inferior, dilatory court to proceed to a final judgment, but the writ is not available to force a court to render any particular judgment. *State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326, 691 N.E.2d 275 (1998) (procedendo "does not attempt to control the inferior court about what the judgment should be"). Thus, O'Malley has not alleged facts entitling him to relief in procedendo.

### Conclusion

**{¶ 33}** We grant Judge Russo's motion for judgment on the pleadings and deny the requested writs.

Writs denied.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

DONNELLY, J., not participating.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Nora E. Poore, and Brian R. Gutkowski, Assistant Prosecuting Attorneys, for relator.

Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube, for respondent.

January Term, 2019

_____