**[Cite as *State v. Weber*, 2020-Ohio-4851.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28721 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-3172/1 |
| | : | |
| JOHN PAUL WEBER, III | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of October, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOHN PAUL WEBER, III, Inmate No. 548-698, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, John Paul Weber, III, appeals pro se from the judgment of the Montgomery County Court of Common Pleas overruling his motion to vacate his sentence. Because Weber's motion is a successive petition for post-conviction relief that fails to meet the requirements of R.C. 2953.23(A)(1), and was also barred by the doctrine of res judicata, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On April 16, 2007, a jury found Weber guilty of kidnapping, murder, robbery, obstructing justice, and tampering with evidence. After the jury issued its verdict, the trial court sentenced Weber to serve an aggregate term of 19 years to life in prison. Weber then appealed from his convictions.

{¶ 3} On appeal, Weber claimed that the trial court erred by refusing to allow him to inspect certain grand jury testimony and by overruling his request for a jury instruction on intervening and superseding causes. Weber also claimed that his convictions for kidnapping and obstructing justice were not supported by sufficient evidence and were against the manifest weight of the evidence. After reviewing each of these claims, we overruled Weber's assignments of error and affirmed his convictions. *See State v. Weber*, 2d Dist. Montgomery No. 22167, 2008-Ohio-4025, ¶ 56.

{¶ 4} Over ten years later, on August 15, 2019, Weber filed a pro se motion to vacate his sentence. In support of his motion, Weber argued that he was entitled to a resentencing hearing so that he could be advised of the duty to enroll in Ohio's violent offender database ("VOD") as required by the newly enacted statutory provisions in R.C. 2903.41 through R.C. 2903.44, commonly known as "Sierah's Law."

{¶ 5} In ruling on Weber's motion, the trial court found that R.C. 2903.41 through R.C. 2903.44 went into effect on March 20, 2019, and that those statutes pertained to violent offenders who were convicted "on or after" the statutes' effective date. The trial court also determined that the VOD enrollment statutes did not operate to apply retroactively to Weber's 2007 conviction. The trial court further found that Weber did not adequately demonstrate that "the interest of justice can only be served by allowing him to be re-sentenced." Accordingly, the trial court overruled Weber's motion to vacate his sentence. Weber thereafter appealed from the trial court's decision and we dismissed the appeal on the ground of untimeliness. *See* Decision and Final Judgment Entry (Dec. 4, 2019), Montgomery App. No. 28565.

{¶ 6} Following the dismissal of his most recent appeal, on January 14, 2020, Weber filed another pro se motion to vacate his sentence. In that motion, Weber once again argued that he should be resentenced so that the trial court could advise him of the duty to enroll in the VOD as required by R.C. 2903.41 through R.C. 2903.44. No new or additional arguments were raised by Weber. Since the trial court had previously addressed the issue, the trial court overruled Weber's motion as moot.

{¶ 7} Weber now appeals from the trial court's decision overruling his second motion to vacate his sentence, and he raises a single assignment of error for review.

**Assignment of Error**

{¶ 8} Under his assignment of error, Weber contends that the trial court abused its discretion by overruling his January 14, 2020 motion to vacate his sentence. We, however, disagree.

{¶ 9} Upon review, we find that Weber's motion was properly considered a petition for post-conviction relief under R.C. 2953.21. Pursuant to R.C. 2953.21(A)(1)(a), "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 10} Appellate courts review decisions on petitions for post-conviction relief under an abuse of discretion standard. *State v. Perkins*, 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 16, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 11} In the January 14, 2020 petition at issue, Weber argued that he was entitled to a resentencing hearing so that he could be advised of the duty to enroll in the VOD as required by R.C. 2903.41 through R.C. 2903.44. Weber previously raised the exact same argument in a petition filed on August 15, 2019, which the trial court overruled. Therefore, the petition at issue was a successive petition for post-conviction relief, which was governed by R.C. 2953.23. *See State v. Finfrock*, 2d Dist. Montgomery No. 16944, 1998 WL 726478, *3 (Oct. 16, 1998).

{¶ 12} R.C. 2953.23(A) precludes trial courts from entertaining successive petitions for post-conviction relief unless one of the exceptions in the statute applies.

The only possible exception that could apply in this matter is set forth in R.C. 2953.23(A)(1). That provision requires the petitioner to establish that he was either: (1) unavoidably prevented from discovering the facts upon which he relies to present his claim; or (2) subsequent to the period prescribed in R.C. 2953.21(A)(2) or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty." *State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332, ¶ 26 (2d Dist.), citing R.C. 2953.23(A)(1)(b).

{¶ 13} In this case, Weber's successive petition did not demonstrate any of the requirements of R.C. 2953.23(A)(1). Although the VOD enrollment statutes on which Weber's petition was based were not effective until March 20, 2019, the fact remains that Weber had already raised a claim based on those newly enacted statutes in an earlier petition that was overruled by the trial court. Nothing in Weber's successive petition indicated that he was unavoidably prevented from discovering any of the facts on which the claim in his successive petition was based, or that any new federal or state right was recognized subsequent to his filing of his earlier petition. Therefore, because Weber's successive petition failed to meet the prerequisites in R.C. 2953.23(A)(1), the trial court was not permitted to consider the claim raised in the petition. *See Finfrock* at *3-4.

{¶ 14} The doctrine of res judicata can also apply to bar successive petitions for post-conviction relief. *Finfrock,* 2d Dist. Montgomery No. 16944, 1998 WL 726478, at *5. Under the doctrine of res judicata, " '[a] valid, final judgment rendered upon the

merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' " *State ex rel. O'Malley v. Russo*, 156 Ohio St.3d 548, 2019-Ohio-1698, 130 N.E.3d 256, ¶ 27, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, (1995), syllabus. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." (Citation omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 15} More specifically, res judicata operates to bar claims that are raised in successive petitions for post-conviction relief when the trial court has already ruled on the same claims in prior post-conviction proceedings. *State v. Tucker*, 2d Dist. Darke No. CA 1181, 1988 WL 38147, *3 (Apr. 18, 1988). "Accordingly, if the claims brought in a second petition for post-conviction relief are ones that were or could have been brought in an earlier petition for post-conviction relief, a trial court does not abuse its discretion in denying the second petition for post-conviction relief on the basis of res judicata." (Citation omitted.) *Finfrock* at *5. *Accord State v. Waver*, 8th Dist. Cuyahoga No. 108820, 2020-Ohio-2724, ¶ 32. Therefore, " '[t]rial courts are not required to entertain successive petitions which allege the same grounds as an earlier petition.' " *State v. Dixon*, 2d Dist. Montgomery No. 27991, 2019-Ohio-230, ¶ 18, quoting *State v. Williams*, 8th Dist. Cuyahoga No. 68613, 1996 WL 17333, *2 (Jan. 18, 1996), citing *State v. Steffen*, 70 Ohio St.3d 399, 411, 639 N.E.2d 67 (1994).

{¶ 16} Here, the VOD enrollment notification claim raised in Weber's successive

petition had already been overruled by the trial court during a prior post-conviction proceeding. Weber also failed to timely appeal from the trial court's decision in the prior post-conviction proceeding. Under these circumstances, we find that the doctrine of res judicata barred Weber from once again raising the VOD enrollment notification claim in a successive petition for post-conviction relief. That is, Weber was prohibited from filing successive petitions endlessly in an attempt to get a second bite at the apple.

{¶ 17} We note that the VOD enrollment statutes on which Weber's petition for post-conviction relief was based are currently under review by the Supreme Court of Ohio. *See State v. Hubbard*, 159 Ohio St.3d 1427, 2020-Ohio-3473, 148 N.E.3d 568 (Table); *State v. Jarvis*, 159 Ohio St.3d 1427, 2020-Ohio-3473, 148 N.E.3d 568 (Table). Specifically, the Supreme Court of Ohio is reviewing whether applying the VOD enrollment requirements to offenders like Weber, who committed their violent offense(s) prior to the statutes' effective date of March 20, 2019, violates the Retroactivity Clause of the Ohio Constitution. *Id.* That said, since Weber's successive petition for post-conviction relief did not meet the requirements of R.C. 2953.23(A)(1), and because Weber's successive petition was also barred by the doctrine of res judicata, we need not address the retroactivity issue or the trial court's prior decision finding that the VOD enrollment statutes did not apply retroactively to Weber.

{¶ 18} Because Weber's January 14, 2020 motion to vacate sentence was a successive petition for post-conviction relief that did not meet the requirements of R.C. 2953.23(A)(1), and was also barred by res judicata, the trial court did not abuse its discretion in overruling the motion. Therefore, Weber's sole assignment of error is overruled.

## Conclusion

**{¶ 19}** Having overruled Weber's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
John Paul Weber, III
Hon. Dennis J. Adkins