[Cite as *State v. Crisp*, 2022-Ohio-1221.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 21CA3949 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Carl Crisp, Jr., | : | |
| | : | **RELEASED: 04/07/2022** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Mark J. Bamberger, The Mark Bamberger Co., LLC, Spring Valley, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio for Appellee.

_____

Wilkin, J.

{¶1} Carl Crisp, Jr. ("appellant") appeals a judgment of the Scioto County Court of Common Pleas that granted him 3 additional days of jail-time credit for a total of 90 days to be credited against his underlying 15-year criminal sentence.[1] Appellant maintains that the trial court abused its discretion in failing to award him an additional 484 days of jail-time credit. In response, the state of Ohio claims the trial court correctly calculated appellant's jail-time credit at 90 days. After reviewing the arguments of the parties, the record, and the applicable law, we find that the trial court did not abuse its discretion in failing to award appellant the additional days of jail-time credit. Therefore, we affirm the trial court's

---

[1] The trial court awarded appellant 87 days of jail-time credit at appellant's sentencing, and in the judgment entry on appeal herein awarded him an additional 3 days. Therefore, appellant has received a total of 90 days for jail-time credit.

judgment entry.

BACKGROUND

{¶2} On August 2, 2006, a grand jury indicted appellant on six criminal counts in Scioto County that included possession of drugs, trafficking in drugs, and possession of criminal tools, as well as firearm specifications. On that same date, the prosecuting attorney filed a "request for issuance of warrant upon indictment," to be executed by an officer upon appellant, who was in federal prison at the time.

{¶3} On November 13, 2007, the Sheriff's Office executed the warrant on appellant. On November 14, 2007, the court issued an entry ordering appellant to be held in the Scioto County Jail until his criminal charges were resolved, and also set bond. Appellant initially pleaded not guilty. However at a February 6, 2008 hearing, the parties informed the court that they had reached a plea agreement where appellant pleaded guilty to (1) trafficking in drugs within vicinity of juvenile/firearm specification in violation of R.C. 2925.03(A)(1)and (C)(4)(D), a felony of the second degree; (2) trafficking in marijuana/firearm specification in violation of R.C. 2925.03(A)(1) & (C)(3)(c), a felony of the fourth degree; and (3) possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶4} On February 11, 2008, the court issued a sentencing entry that imposed an aggregate 15-year prison sentence on appellant to run "concurrent" to his federal prison sentence, credited him with the 87 days that he was held in the Scioto County Jail, and ordered him to be conveyed into the custody of the

Ohio Department of Rehabilitation and Correction to begin serving his sentence. Appellant did not file a direct appeal.

{¶5} On September 8, 2020, almost 12 years after his plea, appellant moved for judicial release due to his poor health. His motion also alleged that during his sentencing the trial court abused its discretion by failing to award him an additional 484 days of jail-time credit against his 15-year state prison sentence.

{¶6} The state filed a memorandum contra that opposed judicial release, as well as any award of additional jail-time credit, citing res judicata.

{¶7} In a single-page judgment entry, the trial court denied appellant's motion for judicial release. The entry is devoid of any discussion regarding jail-time credit.

{¶8} Appellant appealed asserting that the trial court erred in failing to consider the jail-time credit issue. On February 22, 2021, this Court issued a decision finding that the trial court's "judgment entry is only in regard to 'Defendant's motion for Judicial Release' and there is nothing that indicates that a ruling was made as to other motions, including jail-time credit." We further found that a denial of a request for judicial release was not a final appealable order. Therefore, we dismissed the appeal.

{¶9} On March 8, 2021, appellant filed a motion in the trial court seeking recalculation of his jail-time credit. He again alleged that the trial court erred in failing to award him an additional 484 days of jail-time credit.

{¶10} The trial court granted appellant "an additional three (3) days of jail time served in the Scioto County Jail while awaiting transport" for a total of 90 days of credit.  It is this judgment that appellant appeals.

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO CONSIDER RECALCULATION OF JAIL TIME CREDIT IN ITS JUDGMENT ON THE MERITS OF THE CASE

{¶11} Citing R.C. 2929.19(B)(2)(g)(iii), appellant claims that courts have continuing jurisdiction to correct an error regarding jail-time credit and that an offender, any time after sentencing, may file a motion seeking correction of any such error.  Relying on the same argument that he made in his previously-filed motion for judicial release, appellant maintains the trial court abused its discretion in failing to award him an additional 484 days of jail-time credit.  He asserts that "[s]ince taken into custody on or around July 6, 2006, he has been in jail, state prison or federal prison.  For the past 14 years he has not seen freedom.  However, in a February 11, 2008 [sentencing] hearing, he was not given credit for roughly 571 days that he had served to that point."  He further alleges he started receiving one day a month credit for working in the Ohio Penal Industries, and additional days for taking classes at Ashland University.

{¶12} In response, the state maintains that at the time appellant pleaded guilty to the state charges in 2008, he was still serving a sentence in federal prison on unrelated charges.  The state argues that a defendant is not entitled to jail-time credit for time spent in custody in an unrelated case, citing *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755 (4th Dist.).  The state maintains that

appellant "is not eligible for credit for any other time served overlapping with the federal sentence."

## A.  Law

### 1.  Standard of Review

**{¶13}** If an alleged error regarding jail-time credit is "raised on direct appeal, a reviewing court must check the trial court's calculation of jail-time credit to see if the calculation is supported by competent, credible evidence.  If the calculation of jail-time credit is not supported by competent, credible evidence, plain error will be found."  *State v. Price*, 4th Dist. Athens Nos. 19CA14, 19CA16, 19CA18, 2020-Ohio-6702, ¶ 22.  But, "if a jail-time credit argument is not raised on direct appeal, it can still be raised later by way of a motion to correct jail-time credit," which we review "for an abuse of discretion."  *Id.*  "An 'abuse of discretion' means that the court acted in an ' "unreasonable, arbitrary, or unconscionable" ' manner or employed ' "a view or action that no conscientious judge could honestly have taken." ' "  *Jones v. Jones*, 4th Dist. Highland No. 20CA3, 2021-Ohio-1498, ¶ 15, quoting *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

**{¶14}** Appellant did not file a direct appeal of his conviction.  Rather, he filed a post-conviction motion seeking correction of his jail-time credit.  Therefore, we review the trial court's decision for an abuse of discretion.

### 2.  Continuing Jurisdiction and Res Judicata

**{¶15}** It is well settled, that trial courts have continuing jurisdiction to correct errors regarding jail-time credit.  *State v. Butcher*, 4th Dist. Athens Nos. 15CA33 and 15CA34, 2017-Ohio-1544, ¶ 108; R.C. 2929.19(B)(2)(g)(iii). However, it is also well settled that under res judicata " '[a] valid, final judgment rendered *upon the merits* bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' "  (Emphasis added.)  *State ex rel. O'Malley v. Russo*, 156 Ohio St. 3d 548, 2019-Ohio-1698,130 N.E.3d 256, ¶ 27 quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

**{¶16}** Appellant did raise the alleged jail-time-credit error in his previously-filed motion for judicial release.  However, the trial court never addressed the issue of jail-time credit whatsoever in its entry denying his motion for judicial release.  Consequently, we declined to address jail-time credit in appellant's appeal, and we further found that the denial of a motion for a judicial release was not a final order, ultimately dismissing his appeal.  Therefore, even though appellant has raised the issue of jail-time credit before, it was never decided "upon the merits."  As a result, res judicata did not bar the trial court's consideration of his motion that sought additional jail-time credit, or our consideration of his appeal.

### 3.  Jail-Time Credit

**{¶17}** "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United

States Constitutions." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883

N.E.2d 440, ¶ 7. *Fugate* found that "the Equal Protection Clause does not

tolerate disparate treatment of defendants based solely on their economic status,

the United States Supreme Court has repeatedly struck down rules and practices

that discriminate against defendants based solely on their inability to pay fines

and fees." *Id.*, citing *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891

(1956); *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586

(1970); *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

Therefore, "courts have held that defendants who are unable to afford bail must

be credited for the time they are confined while awaiting trial." *Id.* The right to

receive jail-time credit has been codified in R.C. 2967.191.

## B. Analysis

**{¶18}** R.C. 2967.191(A) states: "The department of rehabilitation and

correction shall reduce the prison term of a prisoner * * * by the total number of

days that the prisoner was confined for any reason *arising out of the offense for

which the prisoner was convicted and sentenced* [.]" (Emphasis added.)

Consequently, "R.C. 2967.191 does not entitle a defendant to jail credit for

incarceration on *unrelated* offenses." (Emphasis added.) *Copas*, 2015-Ohio-

5362, 49 N.E.3d 755, ¶ 20 (4th Dist.), citing *State v. Primack,* 4th Dist.

Washington No. 13CA23, 2014-Ohio-1771, ¶ 1, 11; *see also State v. Lowe,* 8th

Dist. Cuyahoga No. 99176, 2013-Ohio-3913, ¶ 29; *State v. Bainter,* 6th Dist.

Ottawa No. OT–08–002, 2009-Ohio-510, ¶ 9-10.

**{¶19}** In reviewing the record, appellant's only confinement that arose out of his underlying state convictions was his detention in the Scioto County Jail from November 13, 2007 until after he pleaded guilty to the underlying state charges and he was then remanded to prison on February 11, 2008. That period of time was 90 days, which is precisely the number of days of jail-time credit that the trial court awarded appellant herein. Ninety days is consistent with what R.C. 2967.191(A) requires.

**{¶20}** Appellant does not specify the source of the additional 484 days of credit that he is seeking, but we presume it is from his federal prison sentence that he was serving at the time he was charged in the underlying state case. As stated in *Copas*, "R.C. 2967.191 does not entitle a defendant to jail credit for incarceration on unrelated offenses." *Id.* There is nothing in the record indicating that appellant's incarceration in federal prison was related in any way with his state conviction herein for trafficking in drugs and possession of criminal tools in Scioto County. Therefore, based on the plain language of R.C. 2967.191(A), appellant's incarceration in federal prison affords him no jail-time credit toward his 15-year state prison sentence herein.

**{¶21}** Appellant also claims that he is entitled to some additional days of jail-time credit (although it is unclear how many) by working for the Ohio Penal Industries, and taking classes at Ashland University.

**{¶22}** "While it is the [department of rehabilitation and correction's] duty to credit a prisoner for his pretrial confinement, it is the trial court that calculates the number of days the offender served prior to being sentenced." *State v. Whitaker*,

4th Dist. Ross No. 02CA2691, 2003-Ohio-3231, ¶ 4.  Moreover, the inmate, "not the state, has the threshold burden to provide an *evidentiary* basis for the sentencing court to determine whether it retained jurisdiction under R.C. 2929.19(B)(2)(g)(iii)[,]" and "conclusory allegations" are not enough.  (Emphasis sic.)  *State v. Gibson*, 2019-Ohio-383, 120 N.E.3d 870, 873, ¶ 15 (10th Dist.).

**{¶23}** Appellant cites no legal authority that supports awarding an inmate jail-time credit under R.C. 2967.191(A) for time spent engaged in employment or attending college while incarcerated.  Moreover, even if the law permits such credit, appellant has provided no evidentiary to support that he worked Ohio Penal Industries, or took classes at Ashland University while in prison.  Therefore, we find that the trial court did not abuse its discretion in failing to award appellant jail-time credit working for the Ohio Penal Industries, or for taking classes at Ashland University.

CONCLUSION

**{¶24}** Pursuant to the aforementioned analysis, we find that the trial court did not abuse its discretion in failing to grant appellant an additional 484 days of jail-time credit, or any additional time allegedly earned working at the Ohio Penal Industries or taking classes at Ashland College.  Accordingly, we overrule appellant's sole assignment of error, and affirm the trial court's judgment entry that granted him 3 additional days of jail-time credit, for a total of 90 days credit.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:    _____
Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**