[Cite as *Grant v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1619.]

| | |
|---|---|
| DENNIS D. GRANT | Case No. 2022-00114PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION & CORRECTION, CORRECTIONAL RECEPTION CENTER | |
| Respondent | |

{¶1} Requester Dennis Grant objects to a Special Master's recommendation to dismiss Grant's public-records complaint without prejudice. Defendant Ohio Department of Rehabilitation & Correction, Correctional Reception Center, has not filed a written response to Grant's objections. The Court overrules Grant's objections for reasons set forth below.

{¶2} On March 8, 2022, in a Recommendation to Dismiss Without Prejudice, the Special Master states, "By requester's count the complaint includes approximately 115 partially overlapping records requests, almost all allegedly unfulfilled." (Recommendation To Dismiss Without Prejudice, 1.) The Special Master also states:

On review, the special master concludes that resolution of this dispute is unlikely to be expeditiously litigated under the procedures available in R.C. 2743.75. The public records law sophistication of the parties suggests that mediation is unlikely to resolve any substantial portion of the unfulfilled requests. Because the parties may not conduct discovery, R.C. 2743.75(E)(3)(a), the determination of fact-dependent claims would likely require multiple factual inquiries by the special master under R.C. 2743.75(E)(3)(c). Records subject to judicial review in camera for applicability of claimed exceptions and extent of permitted redaction would likely be voluminous. In contrast, civil discovery and less restrictive timelines

are available to the requester through his alternative remedy in a mandamus action pursuant to R.C. 149.43(C)(2). The volume and variety of requests, legal issues, and factual questions in requester's complaint is simply inconsistent with the statutory intent, timelines, and procedures provided in R.C. 2743.75.

{¶3} The special master therefore recommends that the complaint be dismissed without prejudice pursuant to R.C. 2743.75(C)(2).

(Footnote omitted.)  (Recommendation To Dismiss Without Prejudice, 2-3.)

In written objections, Requester Grant asserts,

- First Objection. The Recommendation disregards the fact that the Respondent has not furnished the Requester with the requested records within a reasonable period of time.

- Second Objection. The Recommendation disregards the fact that the Respondent did not inform the Requester of the manner in which certain withheld records are maintained and accessed in the ordinary course of the Respondent's duties.

- Third Objection. The Recommendation misconstrues the intent of R.C. §2743.75 and its available remedies.

- Fourth Objection. The Recommendation is premised on unsubstantiated factual assumptions. Because it is premised on unsupported factual assumptions, it is not in compliance with the intent of R.C. §2743.75.

- Procedural Concerns. The Court's outline of procedural steps was not followed.

(Footnote omitted.)

{¶4} Pursuant to R.C. 2743.75(A), the General Assembly created the special proceeding in R.C. 2743.75 to provide for an "expeditious" and "economical" procedure

to resolve public-records disputes.[1]  *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11 ("[u]ntil the 2016 enactment of R.C. 2743.75, an action in mandamus under R.C. 149.43(C) was the remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act"); *State ex rel. O'Malley v. Russo*, 156 Ohio St.3d 548, 2019-Ohio-1698, 130 N.E.3d 256, ¶ 21, quoting R.C. 2505.02(A)(2) (a "'special proceeding' is one 'that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity'"); (2015) Sub.S.B. No. 321 (enacting R.C. 2743.75, effective September 28, 2016).

---

[1]     In R.C. 2743.75(A), the General Assembly stated: "In order to provide for an *expeditious* and *economical* procedure that attempts to resolve disputes alleging a denial of access to public records in violation of [R.C. 149.43(B)], except for a court that hears a mandamus action pursuant to that section, the court of claims shall be the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of that section." (Emphasis added.)  The terms "expeditious" and "economical" are not defined in R.C. 2743.75(A).  R.C. 1.42, a rule of construction, provides, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."  Notably, the Supreme Court of Oklahoma has described the common meaning of "expeditious," as follows:

> The words "expedite" and "expeditious" are defined by the New International Dictionary thus:

> "Expedite: To make haste; to speed. Expeditious: Possessed of, or characterized by, expedition or efficiency and rapidity in action; performed with, or acting with, expedition; quick; speedy; as, an expeditious march or messenger."

*Atchison, Topeka & Santa Fe Ry. v. Ridley*, 119 Okla. 138, 140, 249 P. 289 (1926).  And the Supreme Court of Alabama has noted that the term "economical" in common usage has been defined as: "'Managing, or managed, with frugality; avoiding waste; frugal; thrifty; saving; as economical use of money or time.'" *Smith v. Chickamauga Cedar Co.*, 263 Ala. 245, 248, 82 So.2d 200 (1955), quoting *Webster's New International Dictionary* (2d.Ed.) 814.

Through R.C. 2743.75(A)—a provision that provides for an "expeditious" and "economical" procedure—the General Assembly thus has intended a procedure under R.C. 2743.75 that should be efficient, rapid, and avoids waste of money and time.  *See State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 553, 700 N.E.2d 1281 (1998) ("[t]he paramount consideration in construing a statute is legislative intent"); *Gulf Oil Corp. v. Kosydar*, 44 Ohio St.2d 208, 217, 339 N.E.2d 820 (1975), quoting *Humphrys v. Winous Co.*, 165 Ohio St. 45, 49, 133 N.E.2d 780 (1956) ("in construing a statute 'such a construction should be adopted which permits the statute and its various parts to be construed as a whole and gives effect to the paramount object to be attained'").

{¶5} The Special Master recommends dismissing Grant's Complaint without prejudice pursuant to R.C. 2743.75(C)(2).  R.C. 2743.75(C)(2) requires dismissal of a public-records complaint without prejudice after this Court determines that a public-records complaint constitutes a case of first impression that involves an issue of substantial public interest.  R.C. 2743.75(C)(2) provides:

> If the allegedly aggrieved person files a complaint under this section and the court of claims determines that the complaint constitutes a case of first impression that involves an issue of substantial public interest, the court shall dismiss the complaint without prejudice and direct the allegedly aggrieved person to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in [R.C. 149.43(C)(1)].

A review of the Special Master's recommendation discloses that the Special Master has not concluded that Requester Grant's Complaint constitutes a case of first impression that involves an issue of substantial public interest—a prerequisite for dismissal of a public-records complaint without prejudice under R.C. 2743.75(C).  The Special Master's recommendation for dismissal pursuant to R.C. 2743.75(C) is not well supported.

{¶6} Pursuant to R.C. 2743.75(D)(2), however, "[n]otwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time."  The Court finds ample merit in the Special Master's view that civil discovery and less restrictive timelines are available through a mandamus action.  In accordance with the Special Master's recommendation, therefore, the Court sua sponte dismisses Requester Grant's Complaint without prejudice pursuant to R.C. 2743.75(D)(2).  The Court concurrently

overrules Requester Grant's objections. Court costs are assessed to Requester Grant. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

PATRICK E. SHEERAN
Judge

**Filed April 19, 2022**
**Sent to S.C. Reporter 5/13/22**