[Cite as *Green v. Sutula*, 2022-Ohio-3925.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JAHMEEL GREEN,

        Relator,

        v.

CUYAHOGA COUNTY COURT OF
COMMON PLEAS JUDGE KATHLEEN
SUTULA,

        Respondent.

:

:        No. 112014

:

:

:

:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**   WRIT DENIED
**DATED:**       October 28, 2022

---

Writ of Procedendo
Motion No. 558862
Order No. 559100

---

### *Appearances:*

Jahmeel Green, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and James E. Moss, Assistant Prosecuting
Attorney, *for respondent.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Relator, Jahmeel Green, seeks a writ of procedendo directing respondent, Judge Kathleen Sutula, to rule on a motion for judicial release that

Green filed on April 22, 2022. Respondent has entered a ruling denying Green's motion, rendering the present complaint moot. Therefore, respondent's motion for summary judgment is granted and Green's request for writ of procedendo is denied as moot.

## I. Background

{¶ 2} According to the complaint filed on October 6, 2022, Green was convicted of unspecified charges in criminal case presided over by respondent. On April 23, 2022,[1] he filed a motion for judicial release. The complaint asserted that the motion was still pending at the time his complaint was filed — approximately 167 days later. On October 7, 2022, this court sua sponte issued an alternative writ directing respondent to proceed to judgment within seven days or show cause why she should not have to proceed to judgment.

{¶ 3} On October 14, 2022, respondent filed a motion for summary judgment with attached certified journal entry and authenticating affidavit. There, respondent argued that the action was moot in light of the certified journal entry attached to the motion that evidenced that the motion for judicial release was denied. The attached entry provided reasons for the denial of the motion and explained the delay in ruling brought about by several factors. Respondent further argued in her motion for summary judgment that Green's complaint was procedurally defective because it failed to include all the necessary elements of the

---

[1] The complaint states that the motion was filed on April 23, 2022, but respondent alerted the court that the correct filing date was April 22, 2022.

affidavit required by R.C. 2969.25(C). Green did not timely file any opposition to the motion for summary judgment.

## II. Law and Analysis

{¶ 4} A writ of procedendo is an appropriate mechanism to require a judge to proceed to judgment. *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 7, citing *State ex rel. O'Malley v. Russo*, 156 Ohio St.3d 548, 2019-Ohio-1698, 130 N.E.3d 256, ¶ 32. In order to prevail, relators must show that they have a clear legal right to require the respondent to proceed, the respondent has a clear legal duty to proceed, and relators have no other adequate remedy in the ordinary course of the law. *Id.*, quoting *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, quoting *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9. However, during the pendency of an original action, if a respondent proceeds to judgment, the claim for relief is rendered moot because a relator receives all the relief to which they are entitled. *Id.* at ¶ 9, citing *State ex rel. Hibbler v. O'Neill*, 159 Ohio St.3d 566, 2020-Ohio-1070, 152 N.E.3d 265, ¶ 8. The fact that a judgment was issued is determinative because a writ of procedendo cannot be used to control judicial discretion. It may only be used to require a judge to issue "'*some ruling*.'" (Emphasis sic.) *Id.* at ¶ 10, quoting *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55, ¶ 8. Whether the motion was granted or denied does not factor into the considerations in procedendo.

{¶ 5} Here, Green has received all the relief to which he is entitled to in this action: A ruling on his motion for judicial release. For this reason, respondent's motion for summary judgment is granted and Green's request for writ of procedendo is denied.

{¶ 6} Respondent also argues that Green's complaint is fatally defective. Respondent is correct, and this provides a separate basis for the denial of relief.

{¶ 7} R.C. 2969.25 requires an inmate housed in a state prison institution that files an action against a government entity or employee to include an affidavit of prior civil actions (R.C. 2969.25(A), and, for those seeking to waive the filing fee based on indigency, to file the affidavits required by R.C. 2969.25(C). The failure to strictly comply with either provision of R.C. 2969.25 requires dismissal of the complaint. *State ex rel. Swain v. Adult Parole Auth.*, 151 Ohio St.3d 552, 2017-Ohio-9175, 90 N.E.3d 936, ¶ 2. "[C]ompliance with R.C. 2969.25(C)(1) is "'mandatory and failure to comply * * * subjects an inmate's action to dismissal.'" (Ellipsis sic.)" *State ex rel. Roden v. Ohio Dept. of Rehab. & Correction*, 159 Ohio St.3d 314, 2020-Ohio-408, 150 N.E.3d 905, ¶ 7, quoting *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 5, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Substantial compliance is not sufficient. *Id.* at ¶ 8, citing *State ex rel. Neil v. French,* 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 7, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4.

{¶ 8} Green attached a statement to his complaint purporting to be a statement of his inmate account, but it did not include a certification from the institutional cashier as required by R.C. 2969.25(C)(1). This is insufficient to comply with the statute. *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438 (upholding the sua sponte dismissal of a complaint for writ of mandamus because the statement of account was not certified by the institutional cashier).

{¶ 9} Further, the statement that was attached only included balances and transactions for a period between June 1, 2022, through September 22, 2022. R.C. 2969.25(C)(1) requires the statement to encompass the preceding six months. The Supreme Court of Ohio has required strict compliance with R.C. 2969.25(C) where it is applicable. *State ex rel. Foster v. Foley*, Slip Opinion No. 2022-Ohio-3168, ¶ 11 ("Foster's inmate account statement does not comply with the statute, because it does not cover the six months preceding the filing of his petition; the statement omits the two months immediately preceding the filing of the petition."). Here, Green has failed to satisfy the requirements of R.C. 2969.25(C).

{¶ 10} Respondent's motion for summary judgment is granted. Green's request for writ of procedendo is denied. Costs assessed against respondent; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 11}** Writ denied.

_____

CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EMANUELLA D. GROVES, J., CONCUR