[Cite as *State v. Salazar*, 2023-Ohio-567.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 13-22-09

    v.

JAMES SALAZAR,                          O P I N I ON

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 18-CR-0242

Judgment Affirmed

Date of Decision: February 27, 2023

APPEARANCES:

    *Brian A. Smith* for Appellant

    *Rebeka Beresh* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant James D. Salazar ("Salazar") brings this appeal from the judgment of the Court of Common Pleas of Seneca County revoking his community control and sentencing him to twelve months to be served in the Seneca County Jail. On appeal, Salazar claims that the trial court erred by sentencing him to serve his sentence in the county jail rather than in prison in violation of R.C. 2929.16(A). For the reasons set forth below, the judgment is affirmed.

{¶2} On November 7, 2018, the Seneca County Grand Jury indicted Salazar on two counts of aggravated possession of drugs in violation of R.C. 2925.11(A)(1), (C)(1)(a), both felonies of the fifth degree. Doc. 1. Salazar entered pleas of not guilty to the charges. Doc. 9. On February 24, 2021, Salazar changed his plea to guilty pursuant to a plea agreement that resulted in a recommended sentence of community control. Doc. 20. The trial court accepted the guilty pleas and ordered a presentence investigation. Doc. 21. On April 7, 2021, the trial court sentenced Salazar to three years of community control. Doc. 22. The trial court notified Salazar that a violation of any of his community control conditions could lead to a prison term of twelve months as to each case with the sentences to be served concurrently. Doc. 22. No appeal was taken from this judgment.

{¶3} On April 21, 2021, a request to issue a bench warrant for Salazar was filed because Salazar had not reported for supervision. Doc. 26. A notice of violation of community control was filed on June 1, 2021, alleging that Salazar had

failed to report to Drug Intensive Probation as ordered by the trial court. Doc. 31. A revocation hearing was held on August 11, 2021, at which Salazar waived his right to the hearing and admitted to violating the terms of his community control. Doc. 40. The trial court chose to continue Salazar's community control at that time. Doc. 40.

{¶4} On May 3, 2022, a second notice of violation of community control was filed. Doc. 55. This complaint alleged that Salazar had failed to follow through with treatment requirements in violation of Condition 5 and failed to report as required in violation of Condition 12. Doc. 55. On May 31, 2022, Salazar waived his right to a revocation hearing and admitted to violating the terms of his community control. Doc. 57. The trial court then ordered Salazar to serve the twelve month sentence in the Seneca County Jail. Doc. 57. On Jun 8, 2022, the trial court granted jail time credit of 166 days to Salazar. Doc. 59. Salazar appealed from the judgment and raises the following assignments of error on appeal.

### First Assignment of Error

**Whether the trial court's sentence of [Salazar], which sentenced [Salazar] to a jail term of longer than six months, was contrary to law, where the sentence violated R.C. 2929.16(A)(2) and was not subject to the exceptions set forth in R.C. 2929.16(A)(3) or (A)(6), and where [Salazar] was prejudiced as a result of the trial court's sentence.**

**Second Assignment of Error**

**Whether the trial court's sentence of [Salazar], which credited [Salazar] with 166 days served, was contrary to law, where [Salazar] had additional days of credit from his incarceration at the Seneca County Jail that were not included in the trial court's calculation, and where the State failed to properly award jail time credit to [Salazar].**

**Third Assignment of Error**

**Whether the trial court violated [Salazar's] right to Equal Protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution, where the trial court sentenced [Salazar] to a term of local incarceration rather than incarceration at the Ohio Department of Rehabilitation and Corrections, where [Salazar] would have been eligible for earned prison credit pursuant to R.C. 2967.193(A).**

*Sentencing Issues*

{¶5} In both the first and third assignment of error, Salazar challenges the imposition of a twelve month term of incarceration in the local jail for violation of his community control. If a defendant violates the terms of a community control sanction imposed for a felony, a sentencing court may impose a prison term. R.C. 2929.15(B)(1)(c). The violation in this case was not a technical one as Salazar violated the terms by demonstrating a refusal to comply with the community control sanctions by failing to report to his supervising probation officer. R.C. 2929.15(E). The trial court in this case originally reserved a prison term of twelve months at the

initial sentencing, which was within the statutory guidelines. Doc. 22, R.C. 2929.15(B)(3), and R.C. 2929.14(A)(5).

{¶6} Salazar does not challenge the imposition of a twelve month sentence, but rather challenges the part of the order requiring it to be served in a county facility rather than a state prison. The places of imprisonment are controlled by R.C. 2929.34. That statute provides that a defendant may be ordered to serve a prison term in a county facility if there is an agreement between the Department of Rehabilitation and Correction and the local authority that operates the jail. R.C. 2929.34(B)(2). In a voluntary county,

> **no person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the term in an institution under the control of the [D]epartment of [R]ehabilitation and [C]orrection. The person shall instead serve the sentence as a term of confinement in a facility of a type described in division (C) or (D) of this section.**

R.C. 2929.34(B)(3)(c)(i). No one disputes that Seneca County is a voluntary county pursuant to the statutory definition. As a result, the statute provides that the prison term imposed shall be served in the local facility, not the state prison. The trial court complied with this statutory mandate and the sentence was within the statutory range. Thus, the trial court correctly ordered Salazar to serve the sentence in the county facility rather than a state prison.

{¶7} Salazar also argues that having him serve his sentence in a county facility rather than a state prison prejudices him because he is denied the ability to

earn prison credit pursuant to R.C. 2967.193(A).  However, that is not the case.  An

offender is imprisoned in the local facility pursuant to an agreement under R.C.

5120.161.  R.C. 2929.34(B)(2).  R.C. 5120.161 provides in pertinent part as follows.

> **Each [person designated by the department to be housed] in the jail or workhouse shall be under the direct supervision and control of the keeper, superintendent, or other person in charge of the jail or workhouse, but shall be considered for all other purposes to be within the custody of the department of rehabilitation and correction.** *Section 2967.193 of the Revised Code and all other provisions of the Revised Code that pertain to persons within the custody of the department* **that would not by their nature clearly be inapplicable** *apply to persons housed pursuant to this section***.**

R.C. 5120.161(B) (emphasis added).  Thus, the statute requires that the same

deductions from the sentence that would apply in a prison be applied to those housed

in a local facility unless they are clearly inapplicable.  Since the same deductions to

the sentence apply, Salazar suffers no prejudice by being ordered to serve his prison

term in the county facility rather than a state facility.  The first and third assignments

of error are overruled.

*Calculation of Time Served*

{¶8} Salazar claims in the second assignment of error that the trial court erred

in calculating his time served.  A trial court is required to determine the specific

number of days that a defendant was confined arising out of the offense for which

the person was convicted and sentenced.  R.C. 2949.08.  "If an alleged error

regarding jail-time credit is 'raised on direct appeal, a reviewing court must check

the trial court's calculation of jail-time credit to see if the calculation is supported by competent, credible evidence.'" *State v. Crisp*, 4th Dist. Scioto No. 21CA3949, 2022-Ohio-1221, ¶ 13.

{¶9} A review of the record shows that at the revocation hearing on May 31, 2022, the parties argued the amount of jail time credit that was due. Doc. 57. The trial court gave the parties until June 6, 2022, to provide support for their arguments regarding time served. Doc. 57. The State filed its argument on June 6, 2022, and claimed that Salazar was entitled to jail time credit of 166 days. Doc. 58. The State's argument set forth calculations and referred to documents contained in the record. Salazar filed a motion for jail time credit and good days credit while working in the kitchen on June 6, 2022, as well.[1] Salazar's motion did not contain any documentation to support the argument and did not explain how the number of credit days was determined.

{¶10} Salazar claims in his brief that the trial court erred by not crediting him with the time between June 24 and August 15, 2021, which is 52 days. Salazar's argument is that the trial court erred by accepting the State's claim that the time was due to other charges when the record does not support that claim. However, a review of the record in this case does not support that Salazar was in custody during that time. The record indicates that bond in this case was paid on June 24, 2021.

---

[1] Although the motion was filed by fax and is listed on the docket sheet, no docket number was provided for it.

Doc. 34. Salazar has not provided this court with a transcript of the arguments regarding credit for time served at the May 31, 2022 hearing. Thus, the only information we have before us is what was filed in the docket. Salazar's motion alleges that a representative of the Seneca County Sheriff's Office had calculated Salazar's jail time credit as 307 days as of May 31, 2022. However, no evidence was presented to the trial court to support this claim and no basis for the calculation was provided. The record before this court does not support a credit of 307 days.

{¶11} In contrast to the claims made by Salazar, the State filed an argument showing that as of August 11, 2021, the calculated time served was 124 days.[2] Doc. 58. Salazar returned to custody on April 26, 2022, which provided for an additional 42 days as of June 6, 2022. Doc. 53. Adding the additional 42 days to the prior calculation of 124 days results in a total of 166 days. This is what the trial court determined the credit should be. Based upon the record before us, the trial court's calculation was supported by competent, credible evidence. The second assignment of error is overruled.

---

[2] The State claims that this time calculation gave an additional 24 days of credit, but since the State previously had stated on the record that the time served as of August 11, 2021, was 124 days, the State chose not to contest its prior mistake. Without a transcript of that hearing, this Court has no way of determining what was said at that time and will accept the State's claim as the trial court did. *State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2012-Ohio-4996, 979 N.E.2d 831 (if no transcript is provided, an appellate court must presume the propriety of a hearing).

{¶12} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**